IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON JERMELL JAKE,

             Petitioner,                 No. CIV S-11-0048 DAD P

      vs.

MIKE MCDONALD,

             Respondent.         <u>ORDER</u>

_____/

         Petitioner, a state prisoner proceeding pro se, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

         Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  <u>See</u> 28 U.S.C. § 1915(a).

**EXHAUSTION OF STATE COURT REMEDIES**

         In general, a federal court will not grant a state prisoner's application for a writ of habeas corpus unless "the applicant has exhausted the remedies available [to him] in the courts of the State."  28 U.S.C. § 2254(b)(1).  A habeas corpus petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting

1   them to the federal court.  See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Wooten v. Kirkland,

2   540 F.3d 1019, 1025 (9th Cir. 2008).  A federal claim is fairly presented if the petitioner has

3   described the operative facts and the federal legal theory upon which his claim is based.  See

4   Wooten, 540 F.3d at 1025; Lounsbury v. Thompson, 374 F.3d 785, 787 (9th Cir. 2004).

5           In petitioner's amended petition, he asserts a Confrontation Clause claim and an

6   ineffective assistance of counsel claim.  Petitioner acknowledges that he did not raise his

7   Confrontation Clause claim on direct appeal and that he did not raise the issue in a post-

8   conviction motion or petition for writ of habeas corpus in state court.  Therefore, petitioner's

9   amended petition contains an exhausted claim and an unexhausted claim.  Because petitioner's

10  amended petition is a "mixed" petition, he may proceed in this action in one of the following

11  ways:  (1) he may elect to file a motion for a stay and abeyance in this court in order to return to

12  state court to exhaust his Confrontation Clause claim; (2) he may elect to abandon his

13  Confrontation Clause claim and proceed solely on his ineffective assistance of counsel claim; or

14  (3) he may move to voluntarily dismiss this action and, after exhausting his Confrontation Clause

15  claim by presenting it to the California Supreme Court, file a new federal petition presenting all

16  his claims.  Below, the court discusses each of these options in more detail.

17          Under option the first option described above, petitioner may elect to seek a stay

18  and abeyance order to allow him to return to state court to exhaust his Confrontation Clause

19  claim.  The Ninth Circuit has analyzed the two procedures available to habeas petitioners who

20  wish to proceed with exhausted and unexhausted claims for relief.  See King v. Ryan, 564 F.3d

21  1133 (9th Cir. 2009).  First, the Ninth Circuit explained "the Kelly procedure," which it had

22  originally outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  Under the three-step Kelly

23  procedure,

24          (1) the petitioner amends his petition to delete any unexhausted
            claims, (2) the court stays and holds in abeyance the amended, fully
25          exhausted petition, allowing petitioner the opportunity to proceed
            to state court to exhaust the deleted claims, and (3) petitioner later
26          amends his petition and re-attaches the newly-exhausted claims to

                                                2

1   the original petition.

2   King, 564 F.3d at 1135.  A petitioner who elects to proceed under the Kelly procedure will be

3   able to amend his petition with his newly exhausted claims if they are timely.  If a petitioner's

4   newly-exhausted claims are untimely, he will only be able to amend his petition to include them

5   if they share a "common core of operative facts" with the claims in his original petition.  In this

6   regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for

7   a habeas petitioner because it does not protect a petitioner from the expiration of the AEDPA

8   statute of limitations on his unexhausted claims during a stay.  See King, 564 F.3d at 1140-41;

9   see also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas

10  petition, the filing of a federal habeas petition does not toll the statute of limitations).

11          As the Ninth Circuit explained in King, the United States Supreme Court has

12  authorized an alternative procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277

13  (2005).  Under the Rhines procedure, the petitioner need not amend his petition to delete

14  unexhausted claims.  Instead, the petitioner may proceed on a "mixed petition," and his

15  unexhausted claims remain pending in federal court while he returns to state court to exhaust

16  them.  See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines

17  concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to

18  return to state court to present unexhausted claims.").  A petitioner who elects to proceed under

19  the Rhines procedure can, in many instances, avoid an issue with respect to the timeliness of his

20  federal petition.  See King, 564 F.3d at 1140.  However, the Supreme Court cautioned that a

21  "stay and abeyance [under the Rhines procedure] should be available only in limited

22  circumstances," and "district courts should place reasonable time limits on a petitioner's trip to

23  state court and back."  Rhines, 544 U.S. at 277-78.  The Supreme Court explained that district

24  courts should not grant a stay if the petitioner has engaged in abusive litigation tactics or

25  intentional delay or if the unexhausted claims are plainly meritless.  Id. at 278.  In addition,

26  federal proceedings may not be stayed indefinitely and reasonable time limits must be imposed

1   on a petitioner's return to state court to exhaust additional claims.  Id. at 277-78.  Thus, in

2   seeking a stay and abeyance under the Rhines procedure, petitioner's motion must: (1) show

3   good cause for his failure to exhaust all his claims before filing this action; (2) explain and

4   demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any

5   pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently

6   pursued his unexhausted claim.

7          Under the second option identified above, petitioner may elect to abandon his

8   Confrontation Clause claim before this court without seeking a stay and abeyance order and

9   proceed solely on his ineffective assistance of counsel claim.  If petitioner wishes to proceed in

10  this manner he must file a second amended petition containing only his ineffective assistance of

11  counsel claim.  The second amended petition must bear the docket number assigned to this case

12  and must be labeled "Second Amended Petition."  However, the court cautions petitioner that if

13  he elects to proceed in this way, he will risk forfeiting future consideration of his unexhausted

14  claim.  See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rule 9(b), Rules Governing

15  Section 2254 Cases.

16         Finally, under the third option described above, petitioner may move to

17  voluntarily dismiss this action and complete exhaustion of his Confrontation Clause claim and

18  then file a new federal petition presenting all of his exhausted claims.  Petitioner is advised,

19  however, that if he chooses this option, any future federal petition for writ of habeas corpus may

20  very well be time barred.  The habeas corpus statute imposes a one-year statute of limitations for

21  filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will

22  start to run on the date on which the state court judgment became final by the conclusion of

23  direct review or the expiration of time for seeking direct review, although the statute of

24  limitations is tolled while a properly filed application for state post-conviction or other collateral

25  review is pending.  28 U.S.C. § 2244(d).

26  /////

1    Under the circumstances of this case, the court will grant petitioner thirty days to

2  inform the court on how he intends to proceed in this action.

3                                   **OTHER MATTERS**

4    Also pending before the court is petitioner's motion for appointment of counsel.

5  The United States Supreme Court has ruled that district courts lack authority to require counsel

6  to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S.

7  296, 298 (1989).  In certain exceptional circumstances, the district court may request the

8  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

9  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

10    The test for exceptional circumstances requires the court to evaluate the plaintiff's

11  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

12  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

13  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

14  common to most prisoners, such as lack of legal education and limited law library access, do not

15  establish exceptional circumstances that would warrant a request for voluntary assistance of

16  counsel.  In the present case, the court does not find the required exceptional circumstances.

17                                    **CONCLUSION**

18    Accordingly, IT IS HEREBY ORDERED that:

19    1.  Petitioner's application to proceed in forma pauperis (Doc. No. 2) is granted;

20    2.  Within thirty days of the date of service of this order, petitioner shall inform

21  this court how he wishes to proceed in this action by filing one of the following:

22  /////

23  /////

24  /////

25  /////

26  /////

1      (1)  A motion for a stay and abeyance pursuant to the <u>Kelly</u> procedure or

2  the <u>Rhines</u> procedure[1];

3      (2)  A second amended petition containing only his ineffective assistance

4  of counsel claim; or

5      (3)  A motion to voluntarily dismiss this action;

6    3.  Failure to comply with this order or seek an extension of time to do so will

7 result in dismissal of this action without prejudice; and

8    4.  Petitioner's motion for appointment of counsel (Doc. No. 6) is denied.

9 DATED: August 1, 2011.

10

11              _____

12 DAD:9           DALE A. DROZD
   jake0048.osc         UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24    [1]  As noted above, if petitioner elects to pursue a stay and abeyance under the <u>Rhines</u>
   procedure, he must (1) show good cause for his failure to exhaust all his claims before filing this

25 action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3)
   describe the status of any pending state court proceedings on his unexhausted claim; and (4)

26 explain how he has diligently pursued his unexhausted claim.