IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON JERMELL JAKE,

    Petitioner,                    No. CIV S-11-0048 DAD P

    vs.

MIKE MCDONALD,

    Respondent.            ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court are petitioner's motion to amend his petition and motion for appointment of counsel.

        By way of background, in petitioner's amended petition, he asserts both a Confrontation Clause claim and an ineffective assistance of counsel claim. Throughout the course of these proceedings, petitioner has maintained that there were no state judicial remedies available to him with respect to his Confrontation Clause claim. Specifically, petitioner has explained that his trial counsel failed to object on Confrontation Clause grounds during his criminal proceedings in state court, which precluded petitioner from raising that issue on direct appeal. In addition, by not raising a Confrontation Clause argument on direct appeal, he was precluded from raising such a claim in any state petition for writ of habeas corpus.

1         Petitioner previously filed two motions in which he argued that this court should deem his Confrontation Clause claim exhausted because he has exhausted all remedies available to him.  On January 25, 2012, the court informed petitioner that it would not make any finding as to whether his Confrontation Clause claim was exhausted or procedurally defaulted.  However, since petitioner maintained that he was prepared to establish cause and prejudice with respect to any procedural default of his Confrontation Clause claim, the court ordered respondent to file a response to his amended petition for writ of habeas corpus.

        On February 27, 2012, petitioner filed his pending motion to amend his petition and motion for appointment of counsel.  In his motion to amend, petitioner explains that he subsequently filed a petition for writ of habeas corpus with the California Supreme Court raising his Confrontation Clause claim and that on February 15, 2012, the California Supreme Court denied that petition on the merits.  Petitioner contends that he had no way of knowing that the California Supreme Court would actually rule on the merits of his claim and asks this court to allow him to amend his petition to clarify his Confrontation Clause claim under these newly-developed circumstances.  Good cause appearing, the court will relieve respondent of the requirement to file a response to petitioner's petition until further ordered and will grant petitioner thirty days leave to amend his petition to clarify his Confrontation Clause claim.

        As to his motion for appointment of counsel, petitioner is advised that there currently exists no absolute right to appointment of counsel in habeas proceedings.  See <u>Nevius v. Sumner</u>, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

        Accordingly, IT IS HEREBY ORDERED that:

1. Respondent is relieved of the obligation to file a responsive pleading in this case until further order of the court;

2. Petitioner's motion to amend (Doc. No. 17) is granted;

3. Petitioner shall file a second amended petition within thirty days of the date of service of this order.  Any second amended petition must be filed on the form employed by this court, must name the proper respondent, and must state all claims and prayers for relief on the form.  It must bear the case number assigned to this action and must bear the title "Second Amended Petition";

4. Petitioner's motion for appointment of counsel (Doc. No. 17) is denied; and

5. The Clerk of the Court is directed to send petitioner the form for habeas corpus application.

DATED: March 5, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jake0048.amd